The State, ex rel. Meng, Appellee, *v.* Todaro, Appellant.

(No. 263—Decided January 28, 1952.)

*Mr. Myron A. Rosentreter,* prosecuting attorney, and *Mr. Thomas Murray,* for appellee.

*Messrs. True & Meyer,* for appellant.

Fess, J.  Defendant was convicted of the offense of contributing to the delinquency of a minor child and was sentenced to pay a fine. of $300 and committed to the Toledo workhouse for a period of six months.  Defendant has filed herein notice of appeal as of right, under Section 13459-4, General Code, and, in compliance with Section 1639-51, General Code, has filed herein a motion for leave to appeal.

Section 13459-4, General Code, provides that an appeal from a judgment or final order of a court inferior to the Court of Appeals, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment.

Section 1639-51, General Code, provides that from prosecutions of adults under Chapter 8, Juvenile Court (Section 1639-1 *et seq.,* General Code), an appeal on a

question of law may be taken to the Court of Appeals of the county under laws governing appeals in other criminal cases to such Court of Appeals. The section then goes on to recite that "an appeal shall not be taken to the Court of Appeals except upon good cause shown, upon motion and notice to the prosecuting attorney, as in civil cases, or unless such motion is allowed by such court."

As we construe the section, good cause is shown for the granting of leave to appeal upon a satisfactory showing to the court that a substantial question relating to the trial and conviction of the defendant is raised incident to the appeal. The following questions are presented upon the appeal:

1. The affidavit upon which the defendant was tried does not charge an offense against the laws of Ohio.

2. The proof failed to show that any offense was committed in Ottawa county.

3. The verdict is against the weight of the evidence.

Under the circumstances, the application for leave to appeal does not appear to be frivolous or a sham and we find good cause shown, and the application is allowed. Bill of exceptions, assignments of error and brief of appellant having been filed, the appellee is granted leave to file a reply brief on or before February 4, 1952.

*Motion sustained.*

CONN and SAVORD, JJ., concur.